JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

RAFAEL MATIAS ANGIANO,            )     No. CV 20-4126-DOC (PLA)
                                  )
                Petitioner,       )
                                  )
        v.                        )     **ORDER DISMISSING SUCCESSIVE**
                                  )     **PETITION WITHOUT PREJUDICE**
G. MATTESON, Warden CSPS,         )
                                  )
                Respondent.       )
_____)

## I.

## BACKGROUND

On May 5, 2020, petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). On July 28, 2003, petitioner was convicted by a Los Angeles County Superior Court jury of first degree murder (Cal. Penal Code § 187(a)), kidnapping (Cal. Penal Code § 207(a)), and a firearm allegation under California Penal Code § 12022(b). (ECF No. 1 at 1). The instant Petition challenges petitioner's 2003 conviction on the ground that the felony complaint filed in his state criminal case failed to inform him of the nature of the charges and therefore the state court lacked jurisdiction over his case, rendering his conviction void. (Id. at 11-28).

1    In 2006, petitioner filed an earlier habeas petition in this Court (the "2006 Petition").  (Case
2    No. CV 06-6518-DOC (PLA), ECF No. 1).  The 2006 Petition also challenged petitioner's 2003
3    conviction, and contained the following claims:  (1) his right to a public trial was violated; and (2)
4    the incompetence of his co-defendant's counsel rendered his trial unfair.  (Id., ECF No. 22 at 5).
5    Judgment was entered on August 22, 2008, dismissing the 2006 Petition with prejudice.  (Id., ECF
6    Nos. 26, 27).  A certificate of appealability was granted with respect to petitioner's claim that his
7    right to a public trial was violated.  (Id., ECF No. 30).  On February 16, 2010, the Ninth Circuit
8    affirmed the judgment.  (Id., ECF No. 37).

10                                              **II.**

11                                        **DISCUSSION**

12    A federal habeas petition is successive if it raises claims that were or could have been
13    adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th
14    Cir. 2001) (per curiam).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
15    provides that a claim presented in a second or successive federal habeas petition that was not
16    presented in a prior petition shall be dismissed unless:

17           (A) the applicant shows that the claim relies on a new rule of
             constitutional law, made retroactive to cases on collateral review by
18           the Supreme Court, that was previously unavailable; or

19           (B)(i) the factual predicate for the claim could not have been
             discovered previously through the exercise of due diligence; and
20
21           (ii) the facts underlying the claim, if proven and viewed in light of the
             evidence as a whole, would be sufficient to establish by clear and
22           convincing evidence that, but for constitutional error, no reasonable
             factfinder would have found the applicant guilty of the underlying
23           offense.

24    28 U.S.C. § 2244(b)(2)(A), (B).

25    Furthermore, "[b]efore a second or successive application . . . is filed in the district court,
26    the applicant shall move in the appropriate court of appeals for an order authorizing the district
27    court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

28

                                              2

As set forth above, petitioner's 2006 Petition was dismissed with prejudice on August 22, 2008.  As both the 2006 Petition and instant Petition challenge petitioner's 2003 conviction, the Court concludes that the instant Petition is successive.  Although it does not appear that petitioner satisfies any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A) or (B), even if he could make such a showing, he is still required to request *and obtain* authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second habeas petition).  Because there is no indication that petitioner has obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to entertain the instant Petition.[1]  See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the 2020 Petition without prejudice as successive is appropriate.[2]

/

/

/

---

[1]  Additionally, under 28 U.S.C. § 2244(d)(1), there is a one-year statute of limitations for filing federal habeas petitions challenging state court judgments, and the one-year period typically starts to run from the date the state court judgment became final after the conclusion of direct review.  See 28 U.S.C. § 2244(d)(1)(A).  As the instant Petition was filed over fourteen years after petitioner's conviction became final (see Case No. CV 06-6518, ECF No. 22 at 2), it appears that, even if the instant Petition were not successive, it would still be subject to dismissal as time barred.

[2]  If petitioner wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals.  Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus.  He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today.  If petitioner files a new petition, the Court will give that petition a new case number.

**III.**

**<u>CONCLUSION</u>**

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive.

DATED: May 12, 2020

_David O. Carter_

HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE